**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-330-DLB**

**RICARDO ADOLFO LEMUS HERNANDEZ** **PETITIONER**

**v.** **ORDER**

**JASON MAYDAK** **RESPONDENTS**

* * * * * * * * * *

Petitioner Ricardo Adolfo Lemus-Hernandez recently filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1). In his Petition, Lemus-Hernandez argues that he is being improperly detained by United States Immigration and Customs Enforcement at the Boone County Jail in Burlington, Kentucky. Petitioner requests that this Court order an immediate individualized custody hearing.

This is the third Petition for Habeas Corpus Lemus-Hernandez has filed in the past few months. *See Hernandez v. Maydak*, No. CV 25-183-DLB, 2026 WL 120670 (E.D. Ky. Jan. 16, 2026); *see also Lemus-Hernandez v. Maydak et al.*, No. CV 26-263-DLB (E.D. Ky. July 6, 2026). The Court granted his first Petition, stating that ICE's detention without an individualized hearing violated his right to due process under the Fifth Amendment. *Hernandez*, 2026 WL 120670, at *8. The Court Ordered that Respondents either immediately release Lemus-Hernandez or provide him with a bond hearing under 8 U.S.C. § 1226(a). *Id*. at *9. He was provided a bond hearing on January 21, 2026, where the Immigration Judge ("IJ") determined he would be a danger to his community if released and accordingly denied bond. Memorandum Order, *Hernandez v. Maydak et*

*al.*, Case No. 25-cv-183-DLB, ECF No. 14 at 2. Shortly after, Lemus-Hernandez filed a Motion to Enforce the Court's Habeas Order, stating that the IJ's denial of bond was a clear legal error. Emergency Motion to Enforce Order, *Hernandez v. Maydak et al.*, Case No. 25-cv-183-DLB. ECF No. 10. The Court denied the Motion on May 4, 2026, concluding that the IJ's conclusions were based on the evidence in front of him, which put them outside of the Court's jurisdiction. Memorandum Order, *Hernandez v. Maydak et al.*, Case No. 25-cv-183-DLB, ECF No. 14 at 4.

Nearly eight months later, Lemus-Hernandez submitted a second Petition seeking the same relief. *See* Petition, *Lemus-Hernandez v. Maydak et al.*, Case No. 26-cv-263-DLB, ECF No. 1. The Court denied Lemus-Hernandez's second Petition, finding that he had already received three bond hearings and his Petition did not challenge the constitutionality of any of them. Order, *Lemus-Hernandez v. Maydak et al.*, Case No. 26-cv-263-DLB, ECF No. 3 at 3. The Court further concluded that Lemus-Hernandez asked the Court to review an IJ's discretionary decision, which it is barred from doing under 8 U.S.C. § 1226(e). *Id*. The Court subsequently dismissed the matter and struck it from its active docket. *Id*.

Now, once again, Lemus-Hernandez filed a Petition asking the Court to grant his immediate release or a constitutionally adequate bond hearing. (Doc. # 1 at 12). Upon review of his Petition, he adopts the same arguments he made in his previous two Habeas petitions. (*Id*. at 10–11). And yet, he presents no evidence of his changed circumstances, which leads the Court to conclude that it is barred from reviewing the IJ's decision under 8 U.S.C. § 1226(e). And again, Lemus-Hernandez does not challenge the constitutionality of his previous hearings and the Court finds no evidence that they were.

As such, the Court finds that Lemus-Hernandez was afforded a bond hearing before an IJ under 8 U.S.C. § 1226 and that further relief is not appropriate at this time.

Further, the Court notes that Lemus-Hernandez named only Jailer Jason Maydak as a Respondent. While this Court has previously held that a jailer is a proper respondent in a habeas action (*See Singh v. Lyons*, No. 26-172, 2026 WL 1298530, at *2 (E.D. Ky. May 12, 2026)), there is "[n]othing . . . [that] suggests that the warden of a detention facility has any power to release Petitioner without a directive from [the acting Field Office Director]." *Cervantes-Munoz v. Raycraft*, No. 26-10661, 2026 WL 103132, at *4 (E.D. Mich. Apr. 16, 2026). Indeed, a warden "has no involvement whatsoever in a bond hearing, nor does the warden of the facility have the power to provide one[.]" *Id*. Because the relief that Petitioner is seeking is an individualized bond hearing, and Respondent Maydak does not have the authority to provide Petitioner with that relief, Petitioner's Motions will be denied. *See id*. ("Any action taken by the warden as to Petitioner would be at the sole direction of Raycraft; Petitioner is seeking release from federal custody and only a federal respondent can release him.").

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Lemus-Hernandez's Petition for Writ of Habeas Corpus (Doc. # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

This 17th day of August, 2026.

**Signed By:**
***David L. Bunning*** DB
**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Cov2026\26-330 Order denying habeas.docx